IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COMMONWEALTH ACQUISITION GROUPS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UHS OF DELAWARE, INC. at al.., )<br>)<br>Defendants, )<br>_____ ) | Civil Action No. 3:14-cv-495 |

## CONSENT PROTECTIVE ORDER

**THIS DAY CAME** the parties, by counsel, upon the previously-filed motion of defendants UHS of Delaware, Inc. ("UHS-D") and Universal Health Services, Inc. ("UHS-I"), for entry of a protective order with respect to confidential and proprietary information (dkt. 16); and

**IT APPEARING TO THE COURT**, upon the pleadings and the representations of counsel, that discovery in this case (hereinafter, the "Litigation") is likely to entail the disclosure by parties and non-parties of certain documents, things and information which may contain or relate to valuable research, development, technical, commercial, financial and other proprietary information that the disclosing party or nonparty regards as its confidential, proprietary or trade secret information within the meaning of Fed. R. Civ. P. 26(c); that the parties agree that it is necessary and appropriate to provide for the protection of such confidential and proprietary information in order to preserve the legitimate business interests of the parties and non-parties to whom and to which discovery requests are made; and that the parties have agreed to the entry of this order (the "Order") in order to provide an orderly process for

identifying, designating and protecting such information from dissemination or disclosure, now, therefore, it is hereby

**ORDERED** that all discovery and other materials exchanged by the parties or non-parties, or filed with the Court, in this Litigation shall be subject to the following terms and conditions as set forth in this Protective Order:

1. Confidential Information, as used in this Order, shall refer to any document, testimony or other discovery materials, or any portion thereof, which is designated by a party as containing confidential information, including, but not limited to, trade secrets and proprietary information; other intellectual property; certain non-public financial records; research and development information; tax records; pricing information; marketing, advertising or sales plans; and other commercial, competitive, financial, personal, or other sensitive information that a party may deem confidential.

2. Under this Order, there shall be one category of Confidential Information which shall be identified by the word "CONFIDENTIAL."

3. A second category of Confidential Information shall be identified by the word "ATTORNEYS' EYES ONLY."

4. Materials designated by a party as "CONFIDENTIAL" shall be sued only for the purposes of this litigation and shall be disclosed only to the Court and its staff, to the parties to this Order, and to the parties' employees who reasonably need access to such materials for the prosecution or defense of this litigation. The parties' counsel, as well as persons retained or consulted by such counsel or the party in connections with the preparation and prosecution of this action, including experts, also shall have access to these materials. However, before the Confidential Information is shown to an expert or other consultant, such person shall be given a

2

copy of this Order, shall be required to read this Order, and shall be required to sign a copy of an acknowledgement in the form that is attached to this Order as Exhibit A.

5. Information designated by a party as "ATTORNEYS' EYES ONLY" shall be used only for the purposes of this litigation and shall be disclosed only to the Court and its staff by filing such information under seal, the parties' counsel (and their non-attorney staff who reasonably need access to such materials for the prosecution or defense of this litigation), and persons retained or consulted by such counsel in connection with the preparation and prosecution of this action, including experts. However, before the "ATTORNEYS' EYES ONLY" material is shown to an expert or other consultant, such person shall be given a copy of this Order, shall be required to read this Order, and shall be required to read this Order, and shall be required to sign a copy of an acknowledgement in the form that is attached to this Order as Exhibit A. When parts of an "ATTORNEYS' EYES ONLY" stamped document are redacted out of the document, the remainder of that document may be treated as a "CONFIDENTIAL" document pursuant to paragraph 4 hereof.

6. A witness (including but not limited to any party) at a deposition, hearing, or trial may be shown materials marked "CONFIDENTIAL" both in preparation for his/her testimony and during his/her actual testimony. A person who might not become a witness but who counsel reasonably believes has knowledge or information concerning this case may be shown CONFIDENTIAL material during, and for the purpose of making effective, an investigatory interview of the person. However, before the CONFIDENTIAL material is shown to a witness or an interviewee, the witness or interviewee shall be given a copy of this Order, shall be required to read this Order, and shall be required to sign a copy of an acknowledgement in the form that is attached to this Order as Exhibit A. In no instance shall a witness or interviewee be

allowed to retain a copy of such materials. Nothing in this paragraph allows a party to be shown "ATTORNEYS' EYES ONLY" material by the opposing party or a non-party at any time, provided, however if counsel who has produced "ATTORNEYS' EYES ONLY" documents intends to use any such ATTORNEYS' EYES ONLY document in cross-examining a witness in court or in taking the deposition of an adverse party or witness, counsel shall notify opposing counsel of his/her intent to do so at least three days in advance of such testimony and shall consent to the disclosure of such ATTORNEYS' EYES ONLY documents to such witness for purposes of preparing for such testimony.

7. In no event shall any of the materials subject to the terms of this Order provided by any party be used for any purpose other than this litigation, or as otherwise permitted by this Order, either during the pendency of this action or after it has been concluded. This Order expressly prohibits use of any materials subject to the terms of this Order for any business purpose or to gain an advantage for any business purpose or other non-litigation purpose. Following conclusion of this litigation, the party that received confidential information shall return the confidential information to the party that provided the materials or shall give to the latter a signed statement that all copies have been destroyed, provided that all counsel of record may retain one copy of the Confidential materials for their files, as well as any pleadings, attorney and consultant work product containing such Confidential Information.

8. Materials shall be designated as Confidential Information by affixing or placing the word "CONFIDENTIAL" in the upper or lower margin of the document, or "ATTORNEYS' EYES ONLY" as it relates to such information. Any such designation shall be affixed in a manner that does not interfere with the legibility of the materials. If a document was marked "confidential" for any purpose prior to this litigation, the producing party shall separately

identify all such documents. Any such document shall then, prior to production, be marked "CONFIDENTIAL" in the manner prescribed by this order. There shall be no such designation with respect to any materials unless the designation is made in a good faith belief that the material in fact contains confidential subject matter, or "ATTORNEYS' EYES ONLY" material.

9. Any party that does not agree to a designation of materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," shall notify the designating party of the disagreement. The parties must then confer within five (5) calendar days after the producing party was put on notice of the objection in an effort to resolve the dispute. Either party may request a Court determination if the parties are unable to resolve the dispute. The parties agree to make a good-faith effort to resolve the disagreement before resorting to court intervention to resolve it. Until such time as the Court makes a determination on a designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the parties shall treat the material(s) as "confidential" or "attorneys' eyes only" in accordance with this Order.

10. Any party giving testimony or any person giving testimony on behalf of a party in these proceedings may designate any portion of his or her testimony as Confidential Information by advising the court reporter of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the separate transcript "CONFIDENTIAL." Whenever any document designated as Confidential Information is identified as an exhibit in connection with testimony given in these proceedings, it shall be marked "CONFIDENTIAL."

11. Information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order shall be treated, by all people to whom such information may be disclosed, as is required by this Order. Counsel for the parties shall in writing inform all persons

to whom disclosure of Confidential Information documents is made of the existence and terms of this Order, shall give a copy of this Order to every such person who shall be bound thereby as a result.

12. Any party seeking to submit Confidential Information to the Court as part of any filing in this action shall seek appropriate authority from the Court, pursuant to Local Civil Rule 5, for the filing of such material under seal.

13. If any party receives a request to produce material subject to an obligation of confidentiality owed by the receiving party to a nonparty, the receiving party may withhold such material from production by so notifying the requesting party and by identifying all such material on a separate index stating the basis for and nature of the obligation of confidentiality and the person to whom that obligation is owed. Such index may be designated as CONFIDENTIAL as appropriate. This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material.

14. Production of any material without a designation of confidentiality will not be deemed to waive a later claim as to its proper designation and will not prevent the producing party from subsequently designating said material as "CONFIDENTIAL." Once re-designated, the material shall thereafter be treated as if it had originally been designated as CONFIDENTIAL. The party receiving such re-designated material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated material from persons not entitled to receive it. Any such re-designation shall have only a prospective effect on the parties' treatment and handling of the material, and shall not serve as a basis to in any way prejudice or penalize the receiving party's prior treatment or handling of the material. If the receiving party objects to the re-designation, it

shall provide the re-designating party written notice of and basis for its objection within two (2) business days of the re-designation; and if the parties are unable to resolve the matter, the receiving party may, within five (5) calendar days of such impasse, file a motion with the Court seeking an order not to re-designate the subject material. The re-designation shall remain in effect, and be complied with by the parties, until the Court issues its order. If the receiving party fails to file a motion within five (5) calendar days of an impasse, the re-designation shall apply.

15. If material designated as CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on his/its own part or on the part of the recipient of such material.

16. Nothing in this Protective Order shall be construed as requiring disclosure of material not otherwise discoverable, such as privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

17. Nothing in this Protective Order shall be construed as a waiver of any objection by any of the parties that any document or information should not be subject to disclosure or production in discovery due to its trade secret nature. If after a good faith effort, the parties cannot agree on whether such a document is properly subject to disclosure, either party may request a court determination at least ten (10) calendar days prior to trial to resolve the dispute. The non-moving party shall submit any disputed document subject to this Paragraph 17 to the Court for an *in camera* review.

18. Nothing herein shall restrict in any way the ability of the parties to use "CONFIDENTIAL" documents at trial and shall specifically not require or permit submission of any document to the jury in a sealed envelope. Although a party may object at the time of the motion, nothing contained in this paragraph shall preclude either party at trial from moving the Court outside the presence and hearing of the jury to close the courtroom to any individuals who are not designated to as individuals before introducing any testimony designated as "CONFIDENTIAL."

19. After a good faith effort, if the parties cannot agree on the proper treatment of materials designated as "ATTORNEYS' EYES ONLY" at trial, either party may request a Court determination at least ten (10) days prior to trial to resolve the dispute.

20. Any party to this Order may apply to the court at any time for modification of this Order, for supplemental orders, or for further protection.

21. Any party who knowingly violates this Order shall be subject to such penalties and/or damages, including attorney's fees and costs as the Court may deem to be appropriate under the circumstances, should the Court determine that the party has knowingly violated the terms of this Order.

22. This Order becomes effective upon execution thereof by counsel for all of the parties and approval of the Court, and may be amended only by stipulation of the parties and subsequent order of the Court or, if the parties are unable to agree, by the Court on application of a party, after hearing any objections to any such application.

23. This Order may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

It is so ORDERED.

Enter: January 21, 2015

/s/ 
John A. Gibney, Jr.
John S. Gibney United States District Judge
United States District Judge

WE ASK FOR THIS:

By: _____
Alan D. Albert, Esq. (VSB #25142)
Attorney for UHS of Delaware, Inc., and
Universal Health Services, Inc.
LeClair Ryan, a Professional Corporation
999 Waterside Drive, Suite 2100
Norfolk, Virginia 23510
(T): (757) 441-8914
(F): (757) 624-3773
(E): alan.albert@leclairryan.com

By: _____
Paul D. Anders (VSB #31712)
Attorney for Commonwealth Acquisition Groups, LLC
Kaplan, Voekler, Cunningham & Frank, PLC
1401 East Cary Street
Richmond, Virginia 23219
(T): (804) 823-4008
(F): (804) 823-4099
(E): panders@kv-legal.com

9

## EXHIBIT "A"

CONSENT TO STIPULATED PROTECTIVE ORDER

I have read and understood the Stipulated Protective Order governing the confidentiality of discovery materials produced in *Commonwealth Acquisition Groups, LLC v. UHS of Delaware, Inc., et al.*, Civil Action Case No. 3:14cv495 (E.D. Va.) and I agree to abide by its terms and conditions. I certify that I will comply with all the terms of the Stipulated Protective Order.

Date:_____

_____
Signature

_____
Name

_____
Affiliation/Role

_____
Address (Line 1)

_____
Address (Line 2)

_____
Address (Line 3)